**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:17-cv-23070-KMM

IN THE MATTER OF THE ARBITRATION BETWEEN

TRADEWINDS, LTD. d/b/a
TRADEWINDS CONSULTING, LTD.,

Plaintiff,

v.

GRUPO DOLPHIN DISCOVERY and
CONTROLADORA DOLPHIN, S.A. de C.V.,

Defendants.
_______________________________________/

**ORDER**

THIS CAUSE came before the Court upon Plaintiff/Judgment Creditor Tradewinds Consulting, Ltd.'s ("Plaintiff") Motion to Commence Proceedings Supplementary and to Implead Third-Party Wilmington Trust. ("Mot.") (ECF No. 144). Both Wilmington Trust and the Secured Noteholders[1] filed a response in opposition, *see* ("Resp.") (ECF Nos. 148, 149), and Plaintiff filed a reply ("Reply") (ECF No. 156). The Motion is now ripe for review.

## I. BACKGROUND

This action arises from a California judgment (the "Judgment") between Plaintiff and Debtors Grupo Dolphin Discovery and Controladora S.A. de C.V. (collectively, "Debtors") in the Central District of California. *See* ECF No. 1. The Judgment affirmed an underlying arbitration award and ordered Debtors to pay Plaintiff $3,678,419.13 plus post-judgment interest at the rate

[1] The Court uses the term "Secured Noteholders" to collectively refer to the following entities: Prudential Insurance Company of America, Prudential Legacy Company of New Jersey, and Cigna Health and Life Insurance Company.

of 1.16% per annum. *Id.* at 3. Plaintiff avers that as of the filing of the instant Motion, it is owed $3,996,476.00 in connection with the Judgment. *See* Mot. at 2. On March 12, 2018, the Clerk of Court issued a writ of execution to Debtors on the Judgment debt, which Plaintiff alleges remains outstanding. *See id.*

The underlying arbitration ensued after Debtors failed to pay Plaintiff a contractual "finder's fee." *See id.* Specifically, Plaintiff found lenders willing to extend an approximately $115 million loan to Debtors, and according to the arbitration panel, Debtors breached their contract with Plaintiff when they failed to pay Plaintiff for its services. *Id.* at 2–3.

Third-party Wilmington Trust was the collateral agent for the above-mentioned loan transaction. *See id.* at 3. Plaintiff avers that Wilmington Trust, as collateral agent for Debtors, holds property in its possession which belongs to Debtor Controladora that is subject to execution. *See id.* Accordingly, Plaintiff seeks leave to commence proceedings supplementary pursuant to Federal Rule of Civil Procedure 69(a)(1) and Fla. Stat. §§ 56.01,[2] 56.29(2), 76.02, and 76.03. *Id.* at 1. Plaintiff also seeks to implead Wilmington Trust and requests that the Court issue a Notice to Appear. *See generally id.*

## II. LEGAL STANDARD

Rule 69(a)(1) provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." *Id.* Florida Statute Section 56.29 governs supplementary post-judgment proceedings. *See* Fla. Stat. § 56.29. Subsection (1) of Section 56.29 provides:

> [w]hen any judgment creditor holds an unsatisfied judgment or judgment lien

---

[2] The Court notes that Florida's proceedings supplementary statute does not contain a Section 56.01, and thus, construes the Motion as seeking leave to commence proceedings supplementary on the appropriate statutory grounds.

> obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

*Id.*; *see also Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-cv-62688-BLOOM/Valle, 2019 WL 2297524, at *1 (S. D. Fla. May 30, 2019). Therefore, "[a] party bringing a proceeding supplementary to execution must (1) show that he or she possesses an unsatisfied writ of execution, and (2) file an affidavit averring that the writ is valid and unsatisfied." *See Floridians*, 2019 WL 2297524, at *1 (collecting cases). "Upon a showing of the statutory prerequisites, the court has no discretion to deny the motion." *Biloxi Casino Corp. v. Wolf*, 900 So. 2d 734, 734 (Fla. 4th DCA 2005).

Compliance with the jurisdictional prerequisites of Section 56.29(1) provides the predicate for impleader of third parties to the supplementary proceedings. *MCI Telecomms. Corp. v. O'Brien Mktg., Inc.*, 913 F. Supp. 1536, 1540 (S.D. Fla. 1995). Once the jurisdictional prerequisites of Section 56.29(1) have been satisfied, "Section 56.29(2) governs the process of impleading third parties into proceedings supplementary." *Longo v. Associated Limousine Services, Inc.*, 236 So. 3d 1115, 1119 (Fla. 4th DCA 2018). To implead a third party, a judgment creditor must "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." Fla. Stat. § 56.29(2). If the judgment creditor adheres to the requirement of Subsection 2, the Court "shall issue a Notice to Appear" to the third party. *Id.* The Notice to Appear "must describe *with reasonable particularity* the property, debt or other obligation that may be available to satisfy the judgment." *Id.* (emphasis added).

## III. DISCUSSION

Plaintiff argues that it has satisfied the jurisdictional prerequisites for supplementary proceedings by (1) demonstrating the existence of an unsatisfied writ of execution, and (2) proffering an affidavit averring the writ is valid and unsatisfied along with a list of people to be impleaded. Mot. at 5. Because Plaintiff asserts that it has satisfied the jurisdictional prerequisites, it argues the Court is without discretion to deny its motion to commence proceedings supplementary. *See* Reply at 1. In response, the Secured Noteholders argue that Plaintiff's application to commence proceedings supplementary is deficient because, first, the Court lacks jurisdiction over the property subject to execution, and second, Plaintiff's proposed Notice to Appear is procedurally improper.[3] *See generally* Resp. For the following reasons, the Court grants Plaintiff's Motion in part and denies it in part.

### A. Plaintiff Has Satisfied the Two Jurisdictional Prerequisites

When a party has made the required statutory showing under Section 56.29, the Court has no discretion to deny a motion to commence proceedings supplementary. *See Forster v. Nations Funding Source, Inc.*, 648 F. App'x 850, 852 (11th Cir. 2016) (citing *NTS Fort Lauderdale Office Joint Venture v. Serchay*, 710 So.2d 1027, 1028 (Fla. Dist. Ct. App. 1998)). Here, Plaintiff has demonstrated the existence of an unsatisfied writ of execution and provided an affidavit from its authorized agent and corporate coordinator averring that the writ is both valid and unsatisfied. *See* (ECF No. 144-1). Plaintiff is therefore entitled to the commencement of proceedings supplementary.

---

[3] Wilmington Trust's response in opposition provides no additional argument to the Secured Noteholders' pleading opposing the instant Motion. *See* (ECF No. 148). Rather, Wilmington Trust "adopts the arguments set forth" in the Secured Noteholder's response. *Id.*

The Secured Noteholders' arguments to the contrary are unavailing. Defendant does not dispute the validity of the writ nor that there is an affidavit asserting that the writ is unsatisfied. *See generally* Resp. Rather, the Secured Noteholders argue that the writ of execution pertains solely to "goods and chattels, lands and tenements in [the Southern District of Florida]" belonging to the Debtors. *Id.* at 5–6. (quotation and citation omitted). The Secured Noteholders then argue that the collateral Plaintiff seeks to reach are not held in Florida. *See id.* at 6.

The Secured Noteholders' jurisdictional argument is premature. As the Honorable Judge Bloom explained in *Floridians*, "the impleaded part[y] will have the opportunity to present defenses in response to the Notice[] to Appear." *Floridians*, 2019 WL 2297524, at *2. Plaintiff is entitled to the commencement of proceedings supplementary.

**B. <u>Plaintiff's Proposed Notice to Appear is Partially Deficient</u>**

The Parties also dispute whether Plaintiff's proposed Notice to Appear is procedurally deficient. *See generally* Mot.; Resp. Florida Statute § 56.29(2) states: "Upon filing of the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any person may be applied to satisfy the judgment, then the court shall issue a Notice to Appear" to the relevant third party. *Id.* Section 56.29(2) also contains a description requirement which is satisfied if, in the proposed Notice to Appear, "the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment." *Floridians*, 2019 WL 2297524, at *2.

The Secured Noteholders argue that Plaintiff has failed to adhere to the description

requirement of Section 56.29(2).[4] Resp. at 2–3. Specifically, the Secured Noteholders assert that paragraph 4 of the proposed Notice to Appear contains a "non-specific catch all for '[a]ny other property of Controladora subject to execution in [Wilmington Trust's] possession, custody or control.'" *Id.* at 3 (quoting ("Notice to Appear") (ECF No. 144-2 ¶ 4)). Because they aver Plaintiffs failed to adhere to the description requirement, the Secured Noteholders allege that they have not been provided adequate notice to present factual and legal defenses. *Id.* at 4.

In response, Plaintiff argues that even if paragraph 4 of its Notice to Appear is vague, that will not invalidate the specific property that Wilmington Trust possesses that Plaintiff identifies in paragraphs 1–3. *See* Reply at 4–6. Plaintiff alerts the Court to paragraphs 1–3 of the Notice to Appear which identifies specific stock certificates and trademarks belonging to Controladora and possessed by Wilmington Trust. *See id.* at 4. Therefore, Plaintiff avers that notwithstanding the alleged vagueness of paragraph 4, its Notice to Appear satisfies the description requirement of Section 56.29(2) because of the specific property identified in paragraphs 1–3. *Id.* at 6.

As to paragraphs 1–3, the Court agrees with Plaintiff that the Notice to Appear satisfies the description requirement. Paragraph 4, however, does not. Paragraph 4 identifies the following: "Any other property of Controladora subject to execution in [Wilmington Trust's] possession, custody, or control." *See* (ECF No. 144-2). The Court cannot find that this language is sufficiently specific to provide notice to the third party such that it could present factual and legal defenses. *Cf. KHI Liquidation Trust v. S&T Painting*, No: 8:17–mc–133–T–35JSS, 2018 WL 1726435, at

[4] The Secured Noteholders also argue: (1) Plaintiff has not established how the proceedings supplementary statute applies to holder of stocks located outside of Florida, (2) that Florida is not the appropriate jurisdiction to decide these matters, and (3) Plaintiff has not explained why it has not recorded its judgment or initiated collection proceedings in Delaware where subject assets are located. Resp. at 5. As the Court noted above, these arguments are premature; Plaintiff must only show compliance with Section 56.29 to commence proceedings supplementary and for this Court to issue a Notice to Appear.

*2 (M.D. Fla. Apr. 10, 2018) (holding that a property description did not satisfy the description requirement with the following language: "Any property of S & T Painting Enterprise, Inc., including but not limited to real property, personal property and funds held in bank accounts . . . which may be applied toward the satisfaction of the Judgment entered against S & T Painting Inc."). Accordingly, Plaintiff shall file and submit an Amended Notice to Appear that either (1) omits paragraph 4, or (2) alters paragraph 4 to adhere to the description requirement.

## IV. CONCLUSION

For the foregoing reasons, it is herby ORDERD AND ADJUDGED that:

1. The Motion (ECF No. 144) is GRANTED IN PART and DENIED IN PART.
2. Plaintiff is entitled to commence proceedings supplementary.
3. To the extent Plaintiff seeks to hold Wilmington Trust liable for judgments against Debtors, Plaintiff must file a supplemental complaint. Therein, it must establish the Court's original jurisdiction over the claim(s) asserted.
4. Plaintiff shall file its proposed Amended Notice to Appear and submit a word version to Moore@flsd.uscourts.gov.
5. On or before December 8, 2023, Plaintiff shall file/submit its Amended Notice to Appear or file a supplemental complaint.
6. Any Notice to Appear or supplemental complaint must be served on Wilmington Trust in accordance with applicable law.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of December, 2023.

K. M. Moore

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record